Filed 2/10/23 P. v. Silva CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARIANO SILVA,<br><br>Defendant and Appellant. | F084578<br><br>(Super. Ct. No. VCF131491C)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County. Antonio A. Reyes, Judge.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Hill, P. J., Levy, J. and Detjen, J.

Defendant Mariano Silva pled no contest to voluntary manslaughter and admitted an arming allegation and a street gang allegation. He petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his conviction for voluntary manslaughter. The superior court summarily denied the petition at the prima facie stage, without appointing counsel.

On appeal, defendant argues the trial court prejudicially erred in failing to appoint counsel and in denying the petition at the prima facie stage. Specifically, he argues that he pled a prima facie case for relief and his convictions did not render him ineligible for relief as a matter of law. The People agree. We reverse.

## PROCEDURAL HISTORY[2]

On March 21, 2005, the Tulare County District Attorney charged defendant and three codefendants in an information alleging defendant committed the murder of Bruce Owen (§ 187, subd. (a); count 1), premeditated attempted murder of M.J. and D.W. (§§ 187, subd. (a), 664; counts 2 & 3), two counts of discharging a firearm at an inhabited dwelling (§ 246; counts 4 & 5), discharging a firearm from a vehicle at a person (§ 12034, subd. (c); count 6), and two counts of assault with a firearm (§ 245, subd. (a)(2); counts 7 & 8). As to count 1, the information alleged a "drive by" murder special circumstance allegation (§ 190.2, subd. (a)(21)) and an "active participant in a criminal street gang" special circumstance allegation (§ 190.2, subd. (a)(22)). As to counts 1 through 6, the information alleged that a principal in the offense intentionally discharged a firearm, causing great bodily injury (§ 12022.53, subds. (d), (e)(1)). As to

---

[1]    Undesignated statutory references are to the Penal Code. Former section 1170.95 recently was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

[2]    We summarize only the procedural history relevant to our review of the order denying defendant's section 1172.6 petition.

each count, the information alleged defendant committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).**3**

On November 15, 2005, pursuant to a negotiated plea agreement, defendant pled no contest to voluntary manslaughter on count 1, and admitted a gang allegation and an allegation that he or a principal in the offense was armed with a firearm during the commission of the offense (§ 12022, subd. (a)(1)). In exchange for his plea, the trial court indicated that it would impose a 22-year term of imprisonment.

On December 1, 2005, the trial court imposed the indicated sentence of 22 years as follows: on count 1, 11 years (the upper term), plus a 10-year gang enhancement (§ 186.22, subd. (b)(1)), plus a one-year firearm enhancement (§ 12022, subd. (a)(1)).

On June 2, 2022, defendant filed a section 1172.6 petition seeking resentencing and requesting appointment of counsel.

On June 6, 2022, without first appointing counsel, the trial court summarily denied the petition as follows: "Petition denied. Defendant was driver of car involved in gang shooting which resulted in the death of a victim."

On June 27, 2022, defendant filed a notice of appeal.

## FACTUAL SUMMARY

The record on appeal does not contain the factual basis for defendant's no contest plea. The following summary is drawn from the probation officer's report, summarizing the Visalia police officers' reports:**4** On August 1, 2004, at approximately 9:29 p.m.,

---

**3** As to each count other than count 6, the information also alleged that each codefendant other than defendant personally used a firearm in the commission of the offenses (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)(1)). No similar allegation was made as to defendant.

**4** Neither this factual summary nor the probation report upon which we rely may be considered in resolving any eventual prima facie inquiry into the sufficiency of defendant's petition or evidentiary hearing on the petition—they do not constitute evidence contained in defendant's record of conviction. In resolving the prima facie inquiry in light of the record of conviction or holding an evidentiary hearing after the

Visalia police officers were dispatched in response to a call regarding a shooting. When they arrived, they found Owen had been shot. He died as a result of gunshot wounds. M.J. told officers that he, his brother, and Owen were standing outside his residence when he heard a car come around the corner, " 'peeling out.' " He heard approximately 12 shots fired from the vehicle. When the shooting was over, he saw Owen on the ground, gasping and bleeding.

Officers learned that a red sedan may have been involved in the shooting. Assisting officers followed a red sedan of the same make and model until it came to a stop in a cul-de-sac. Four Hispanic men exited the vehicle and ran. Officers located and detained defendant and two others who fled the vehicle—Edgar Rodriguez and Bernabe Rayo. Rayo told officers that there had been four people in the vehicle; defendant was the driver. Rayo denied that anyone shot from the vehicle. Rodriguez said he was picked up by defendant and two other men in the red sedan. He was told they were looking for a fight. As they turned onto the street where the shooting occurred, Marcos Moran, who sat in the right front passenger seat, and Rayo, who sat behind defendant, each fired four to five rounds from handguns.

---

prima facie determination, the trial court cannot consider prior appellate opinions in the matter (except the procedural history recited in any such opinions) or otherwise inadmissible hearsay evidence admitted at the preliminary hearing (§ 1172.6, subd. (d)(3) [precluding consideration of such evidence at any order to cause hearing pursuant to section 1172.6]; *People v. Clements* (2022) 75 Cal.App.5th 276, 292, citing Sen. Bill No. 775 [(2021–2022 Reg. Sess.)], Stats. 2021, ch. 551; see *People v. Flores* (2022) 76 Cal.App.5th 974, 988 ["[i]f such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage"]) or contained in a probation report (*People v. Owens* (2022) 78 Cal.App.5th 1015, 1026).

## DISCUSSION

**I.    Applicable Law**

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) "to amend the felony murder rule and the natural and probable consequences doctrine … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see § 189, subd. (e); accord, *People v. Strong* (2022) 13 Cal.5th 698, 707–708.)

Senate Bill 1437 accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)  First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder.  (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842–843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."[5]  (§ 189, subd. (e); accord, *Gentile*, *supra*, 10 Cal.5th at p. 842.)

Senate Bill 1437 also added section 1172.6 (former § 1170.95) to provide a procedure for those convicted of a qualifying offense "to seek relief under the

---

[5]    Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

two ameliorative provisions above." (*Gentile*, *supra*, 10 Cal.5th at p. 843.) This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter …." (§ 1172.6, subd. (a).)

"Section [1172.6] lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)–(3); see also § 1172.6, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959–960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1172.6, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1172.6, subd. (b)(2).) Otherwise, the court must conclude that the defendant has filed a facially sufficient petition and counsel must be appointed, if requested. (§ 1172.6, subd. (b)(3); *Lewis*, *supra*, 11 Cal.5th at p. 966 ["a complying

6.

petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes [a] prima facie determination" in consideration of the record of conviction].)

Only *after* counsel is appointed to represent a defendant who filed a facially sufficient petition does the trial court determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961–963, 966–967; see *People v. Strong*, *supra*, 13 Cal.5th at p. 708.) In making the prima facie determination, the court may rely on " 'the record [of conviction], including [its] own documents, "contain[ing] facts refuting the allegations made in the petition ...." ' " (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971, 972.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at pp. 971–972.) If, in light of the record of conviction, defendant's petition fails as a matter of law, the trial court may summarily deny it. (*Id.* at p. 974.)

If the sentencing court determines the petitioner has made a prima facie showing, the court must issue an order to show cause[6] and hold a hearing to determine whether to vacate the murder conviction. (§ 1172.6, subds. (c), (d)(1).) At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder ... under California law as amended by the changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

Prejudice is not presumed when a defendant's facially sufficient petition is denied prior to appointment of counsel. Instead, a defendant " 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have

---

[6]      "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

been summarily denied without an evidentiary hearing." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 974; *People v. Watson* (1956) 46 Cal.2d 818.)

## II.     Appointment of Counsel

Petitioner contends the trial court erred by summarily denying his facially sufficient petition rather than appointing counsel, allowing briefing to state a prima facie case, issuing an order to show cause, and otherwise following the procedures of section 1172.6, subdivisions (b)(3) and (c). The People agree that the trial court erred in denying defendant's petition without appointing counsel.

Our Supreme Court has resolved any ambiguity regarding whether section 1172.6 requires the appointment of counsel or further briefing immediately upon the filing of a facially sufficient petition; it does. (See *Lewis*, *supra*, 11 Cal.5th at pp. 961–967.) Counsel must be appointed if requested, and briefing must proceed, so long as the petition complies with the requirements of section 1172.6, subdivision (b)(1) and (2). (§ 1172.6, subd. (b)(3); accord, *Lewis*, at pp. 962–963, 967.) Here, the People agree, as do we, that defendant's petition met the requirements of section 1172.6, subdivision (b). Defendant filed a form petition that complied completely with the requirements of section 1172.6, subdivision (b).

Appointment of counsel and a full opportunity for briefing were required by section 1172.6, subdivisions (b)(3) and (c). (See *Lewis*, *supra*, 11 Cal.5th at pp. 961–963, 967.) The court erred in disposing of the petition without following these procedures.

The People do not argue, and the limited record before us does not support a finding, that the denial of appointment of counsel was without prejudice (i.e., that defendant's petition would appropriately have been denied without an evidentiary hearing). The parties agree, as do we, that nothing in the record before us indicates that defendant's claim would fail as a matter of law. The trial court denied relief based on the factual finding that "defendant was [the] driver of [a] car involved in [a] gang shooting

8.

which resulted in the death of a victim."[7]  That finding does not exclude defendant from relief as a matter of law—defendant, as the driver of a vehicle involved in a drive-by gang shooting, could have been prosecuted for felony murder or indirect aiding and abetting under a natural and probable consequences theory of murder.[8]  Because defendant could have been prosecuted under at least two theories for which relief is available under section 1172.6, there is a reasonable probability that appointment of counsel prior to the denial of defendant's petition would have resulted in an outcome other than summary denial of his petition without an evidentiary hearing.  (*Lewis*, *supra*, 11 Cal.5th at p. 974.)

## DISPOSITION

The order is reversed.  The trial court is directed to appoint counsel for defendant and conduct further proceedings required by section 1172.6.

---

[7]  Because we reverse and because the record before us is incomplete—for instance, the record does not contain any admitted factual basis supporting the plea agreement—we do not consider whether the facts of defendant's conviction were properly before the trial court or whether the trial court's order constituted improper factfinding.

[8]  For example, if defendant intended only to start a fist fight as a portion of the probation report suggests, he may have been prosecuted under the indirect theory of aiding and abetting—where the offense that "the perpetrator actually commits is different from the originally intended crime [and] the natural and probable consequences doctrine limits liability to those offenses that are reasonably foreseeable consequences of the act originally aided and abetted." (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 108.)